Filed 11/20/14  P. v. Jones-Bey CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B253050 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA127004) |
| SHAUN ANTONE JONES-BEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. John A. Torribio, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, James W. Bilderback II and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Shaun A. Jones-Bey appeals from his conviction of first degree robbery, assault with a semiautomatic firearm, criminal threats. His sole contention on appeal is that he was denied due process and the effective assistance of counsel as a result of the trial court's denial of his request for advisory counsel. We affirm.

## FACTUAL AND PROCEURAL BACKGROUND

The nature of defendant's contention makes a detailed recitation of the facts unnecessary. It is sufficient to state that, in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358), the evidence established that two armed men wearing ski masks broke through the locked screen door of a home on the 9000 block of Main Street in the City of Bellflower on October 12, 2012. One of the three residents was in the bathroom with her cell phone when the break-in occurred and was able to call 911. Before the police arrived, a third masked man entered, forced the two victims onto the ground and duct-taped their arms behind their backs. Not long after the three men left the house, defendant and Steven Mitchell were discovered hiding in nearby bushes. One of the two victims identified them as the intruders in a field identification.

Defendant and Mitchell were jointly charged by amended information with first degree robbery (counts 1 and 4), assault with a semiautomatic firearm (counts 2 and 5) and criminal threats (count 3); enhancements were alleged for gun use and prior convictions, including pursuant to the Three Strikes law (Pen. Code, § 1170.12, subds. (a)-(d);§ 667, subds. (b)- (i)).[1]

Defendant represented himself at a dual jury trial. Defendant was found guilty on the substantive charges and the jury found true the firearm enhancements. Following a

---

[1]     All future undesignated statutory references are to the Penal Code.

bifurcated trial, the jury also found true the alleged priors. Defendant was sentenced to 41 years, 4 months in prison. He timely appealed.[2]

## DISCUSSION

A.    *Denial of Defendant's Request for "Advisory Counsel" Was Not Error*

Defendant contends he was denied due process and the right to effective assistance of counsel as a result of the trial court's denial of his motion seeking advisory counsel. He argues that the trial court's comments at the hearing demonstrate that it erroneously believed it lacked authority to appoint advisory counsel and its denial was therefore an abuse of discretion. We disagree.

Criminal defendants who represent themselves at trial have no constitutional right to advisory counsel. In fact, this is one of the warnings that must be given a defendant considering self-representation. (See *People v. Weber* (2013) 217 Cal.App.4th 1041, 1057-1058 [defendants seeking to represent themselves should be warned, among other things, that they have no right to advisory counsel]; *People v. Phillips* (2006) 135 Cal.App.4th 422, 428 [same].)

Although defendants have no right to advisory counsel, trial courts have authority to appoint advisory counsel to a self-represented criminal defendant. (*People v. Bigelow* (1984) 37 Cal.3d 731, 742.) In *Bigelow*, the court found it was an abuse of discretion to deny advisory counsel given the defendant's limited education, foreign nationality, unfamiliarity with California law, and the complexities of defending a capital case. (*Id.* at pp. 743–744.)

The court in *People v. Garcia* (2000) 78 Cal.App.4th 1422, 1429, held that, in non-capital cases, *Bigelow* stands only for the proposition that trial courts have the right to appoint advisory counsel. The *Garcia* court held a self-represented defendant "has no

---

[2]    Mitchell was also convicted on all counts. We affirmed Mitchell's conviction following our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442 (*People v. Mitchell* (Sept. 19, 2014, B251620)[nonpub. opn.]).

constitutional right to advisory or stand-by counsel or any other form of 'hybrid' representation. [Citations.] Indeed, the Supreme Court in *McKaskle* [*v. Wiggins* (1984) 465 U.S. 168, 183] specifically stated '*Faretta*[**3**] does not require a trial judge to permit "hybrid" representation[.]' " (*Garcia, supra,* at p. 1430.) The *Garcia* court concluded: "It would seem that if a defendant who waives the assistance of counsel is competent to represent himself, he should do so, by himself; if he is not able to defend himself without the assistance of advisory counsel, then he is not competent to represent himself. This is not to say that we oppose the right of trial courts to appoint advisory counsel or stand-by counsel as part of their inherent power to control the proceedings. However, where a court does not exercise this right, a defendant who has competently elected to represent himself should not be heard to complain that he was denied the assistance of advisory or stand-by counsel." (*Id.* at p. 1431; see *People v. James* (2011) 202 Cal.App.4th 323, 339 [citing *Garcia* for the proposition that there is no appellate review of a trial court's ruling denying advisory counsel in a non-capital case].)

Here, defendant was represented by counsel until a pre-trial conference on January 18, 2013, when he elected to represent himself. At a pre-trial conference on March 27, 2013, the trial court granted defendant's request for stand-by counsel. On March 29, 2013, defendant filed a motion seeking appointment of advisory counsel under *Bigelow, supra,* 37 Cal.3d at page 742. In his declaration in support of the motion, defendant states: "I am not trained in criminal law and lack the skill to defend the case without an option for court appointed legal advice. [¶] I have never represented myself in a court of law."

The trial court denied the motion, stating: "I am familiar with the case of *People v. Bigelow*. It's my opinion that you do not have a right to advisory counsel as a matter of law, so I am not going to appoint advisory counsel." The trial court observed: ". . . [Y]ou had a very, very skilled lawyer representing you at one point . . . and I couldn't have been more disappointed to see you leave him. But this is your choice.

---

**3** *Farretta v. California* (1975) 422 U.S. 806.

4

This is your path.  You're on it, but I am not going to appoint advisory counsel.  I don't believe you have a legal right to."

The only reasonable inference from the trial court's comment that it was familiar with the *Bigelow* case, but that it did not believe defendant had a "right" to advisory counsel "as a matter of law," is that the trial court correctly understood that it had authority to appoint advisory counsel, but that defendant had no constitutional right to advisory counsel.  On this record, it is clear that the trial court exercised its discretion to not appoint advisory counsel.  Under *Garcia*, because defendant was given the choice to appointed counsel or self-representation, and selected self-representation, he cannot claim error arising from the trial court's refusal to appoint counsel to assist him in representing himself.

## DISPOSITION

The judgment is affirmed.


                                                      RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.



        FLIER, J.


5